ELIZA JANE LATHRAM ET AL. *v.* FRANKLIN T. JONES ET AL.

[Kentucky Law Reporter, Vol. 2—424.]

**Construction of Will.**

> Where by will a testator devises to his wife a life estate in one-third of his home farm, gives the remainder to his five children equally, but declares that he has advanced to one daughter $738.69 and asks that each of the other four heirs shall receive an equal sum before the daughter shares with them, and on administration the personal property is not sufficient to make the four heirs equal to the daughter, the real estate may be subjected to sale to pay to each of the four the amount necessary to make them equal to what the daughter has received as an advancement.

APPEAL FROM BATH CIRCUIT COURT.

April 20, 1881.

OPINION BY JUDGE HARGIS:

Ambrose Jones, by his will, gave to his wife, during her life, one-third of the farm on which he lived, and to his daughter, Eliza Jane Lathram, $738.69, which the testator stated in his will he had paid to her husband. By the third clause, he appointed two of his sons executors, and directed them to sell his personal property, pay his debts and funeral expenses, and to give to his wife one-third of the remainder, and the balance to divide equally among his five heirs, naming them.

After directing that Eliza Jane Lathram's share should be paid to her, "her husband to have no control or interest in the same whatever," he uses this language: "And the balance of my four heirs

is to have each the sum of $738.69, to make them equal with my daughter, Eliza Jane Lathram, which is spoken of in this instrument. * * * Last, I now wish my real estate to be equally divided among my five heirs, whenever a majority of them agree to do so."

He had five children, including Eliza Jane Lathram, who prosecute this appeal from a judgment subjecting so much of the real estate as was necessary to make the four heirs equal with her, the personal estate being insufficient for that purpose. The question presented is, Did the testator intend to confine the application of his property to the equality of its distribution among his children to the personal property alone? If such was his intention the words of his will and all fair conclusions to be derived from them furnish no sufficient evidence of it. He did not say that the personal estate alone should be used to make them equal, but he directed that each should have the sum of $738.69, to make them equal, without specifying the species of property out of which it should be paid or realized.

It is true, in the last clause of his will he directed his real estate to be equally divided between all of his heirs, but it is also true that he directed the balance of his personal estate to be divided equally between all of his heirs after the payment of his debts and funeral expenses, and giving to his widow one-third thereof. So the language used with reference to the division of both classes of his estate is the same, and clearly indicates that his main object was to divide his estate, both real and personal, after providing for his widow and the payment of debts, equally between all of his children, having first provided for making them equal with the appellant, whose husband had received more than the rest of his children.

Wherefore the judgment is *affirmed.*

*R. Gudgell & Son,* for appellants.

*Reid & Stone, J. S. Hurt,* for appellees.